F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 28 2020 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NATASHA MCCONNEY

                Plaintiff,

      -against-

AMTRAK, MICHAEL KEMPF, RANDOLL
ERCKERT and STRAWSER CONSTRUCTION
INC,

                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

18-CV-05290 (NGG) (RER)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Natasha McConney brings this action against Defendants Amtrak, Michael Kempf, Randoll Erckert, and Strawser Construction, Inc. (collectively, "Defendants"). Plaintiff alleges that she suffered physical pain, bodily injury, and economic damages because of Defendants' negligence in operating their respective vehicles. Amtrak moves to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(2). (Amtrak's Mem. in Supp. Mot. to Dismiss ("Mem.") (Dkt. 17).) For the following reasons, Amtrak's motion is GRANTED.

I.    **BACKGROUND**

    A.    **Factual Background**

        1.    <u>Incident Giving Rise to Injury</u>

The following facts are drawn from Plaintiff's complaint and are assumed to be true for the purpose of Amtrak's motion to dismiss.

1

On August 18, 2017, Plaintiff was a passenger on a train operated and maintained by Amtrak.[1] (Compl. (Dkt. 1-1) ¶¶ 22-23, 35.) Michael Kempf was the train's operator. (*Id.* ¶¶ 17, 42.) While Plaintiff was aboard the train, it collided with a motor vehicle at an intersection of the railroad track and a road. (*Id.* ¶ 36-37.) At the time of the collision, the motor vehicle was owed by Strawser Construction Inc. and was driven by its employee, Randoll Erckert. (*Id.* ¶¶ 12, 28-29.)

Plaintiff alleges that the collision was caused by the careless and negligent manner in which the Defendants operated their respective vehicles. (*Id.* ¶ 39.) Plaintiff also alleges that the collision caused her injuries for which she required medical attention and from which she expects to suffer "for some time." (*Id.* ¶¶ 40-41.)

    2.    <u>Jurisdictional Allegations</u>

Plaintiff alleges that she is a citizen of the State of New York. (*Id.* ¶ 1.) At the time of the incident, Defendant Michael Kempf was a resident of the State of Georgia. (*Id.* ¶ 2.) The complaint alleges that corporation-Defendants Amtrak and Strawser Corporation were both foreign corporations authorized to conduct business in the State of New York. (*Id.* ¶¶ 3-6.) The complaint fails to allege the citizenship and principle place of business of either corporation, though papers later submitted to the court and federal statutes identify the District of Columbia as Amtrak's principle place of business and domicile. (*See* Pl. Mem. in Opp. to Mot.to Dismiss ("Opp.") (Dkt 20-1) at 2); *see also* 49 U.S.C. § 24301(b).

**B.**    **Procedural History**

On August 22, 2018, Plaintiff initiated this action in the Supreme Court of New York, County of Queens, with the index number 712988/2018. (*See* Compl. at 2.) On September 20,

---

[1] The complaint does not allege the origin or destination of the train.

2018, Amtrak removed the action to this court under 28 U.S.C §§ 1349 and 1441(a). (*See* Not. of Removal (Dkt. 1)).) On December 3, 2018, the court granted Plaintiff leave to file an amended complaint by no later than December 17, 2018 (*see* Dec. 3, 2018 Min. Entry), but Plaintiff failed to do so. On February 25, 2019, Amtrak moved to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) or, in the alternative, to transfer this action to the District Court for the District of South Carolina. (*See* Mem.) Plaintiff responded on March 12, 2019 (Opp.), and Amtrak replied on March 19, 2019 (Reply (Dkt. 21)).

## II.  LEGAL STANDARD

A "district court has considerable procedural leeway" when "deciding a pretrial motion to dismiss for lack of personal jurisdiction." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (summary order) (quoting *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981)). "It may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion." *Id.* Where the court opts not to hold a hearing or order jurisdictional discovery, the plaintiff need only make a prima facie showing of jurisdiction. *Id.* (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)). "A prima facie case requires non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag v. MT Marida Marguerite Schiffahrts*, 604 F. App'x 16, 19 (2d Cir. 2015) (summary order) (citing *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998)); *see also Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) ("A plaintiff may carry this burden by pleading in good faith legally sufficient allegations of jurisdiction, i.e., by making a prima facie showing of jurisdiction." (alteration adopted) (quotation marks omitted)).

3

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject, of course, to certain constitutional limitations of due process." *Henderson v. I.N.S.*, 157 F.3d 106, 123 (2d Cir. 1998) (quoting *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). Therefore, "a district court must first 'determine whether there is jurisdiction over the defendant under the relevant forum state's laws.'" *DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6, 8 (2d Cir. 2018) (summary order) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)). If the forum state statute provides jurisdiction, "the court then must decide whether [the] exercise [of jurisdiction] comports with the requisites of due process." *Id.* (quoting *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997)). However, "[i]f jurisdiction is statutorily impermissible," a court "need not reach the question of its constitutionality." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 244 (2d Cir. 2007).

## III. DISCUSSION

To establish that the court has personal jurisdiction over Amtrak, Plaintiff has to demonstrate to demonstrate Amtrak was "either present and doing business within the meaning of [CPLR] § 301," *i.e.*, that Amtrak is subject to general personal jurisdiction, or that Amtrak "committed acts within the scope of New York's long-arm statute, CPLR § 302," *i.e.*, that Amtrak is subject to specific personal jurisdiction. *DeLorenzo*, 757 F. App'x at 8 (quotation marks omitted). Each is addressed in turn.

### A. General Personal Jurisdiction

A party "is subject to general jurisdiction in New York pursuant to [New York Civil Practice Law and Rules ("CPLR")] § 301, which confers jurisdiction where a company 'has engaged in such a continuous and systematic course of doing business in New York that a finding of its presence in New York is warranted.'" *Sonera Holding B.V. v. Cukurova Holding*

4

*A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (alterations adopted) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs.*, 565 N.E.2d 488, 490 (N.Y. 1990). In *Daimler AG v. Bauman*, 571 U.S. 117 (2014), however, the Supreme Court held that a state may only exercise general jurisdiction over a corporation where that corporation's affiliations with the [s]tate are so continuous and systematic as to render it essentially at home in the forum [s]tate." *Id.* at 139 (alteration adopted) (quotations omitted). *Daimler* made clear that, except for an exceptional case, "a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *DeLorenzo*, 757 F. App'x at 8 (citing *Daimler*, 571 U.S. at 139 & n.19); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d Cir. 2016).

Here, the court does not have general personal jurisdiction over Amtrak under Rule 12(b)(2) because New York is neither the location of Amtrak's principal place of business nor the state where it is incorporated. *See Daimler AG*, 571 U.S. at 138-39; *Brown*, 814 F.3d at 629. Even conceding Plaintiff's argument that Amtrak does significant business in New York (Opp. at 5-6), Plaintiff has not alleged sufficient facts in her complaint to surmount the high bar set by *Daimler* and *Brown* for the "exceptional case" to the "essentially at home" standard. *Brown* 814 F.3d at 629.

### B.  Specific Personal Jurisdiction

Specific personal jurisdiction is governed by New York's long-arm statute, CPLR § 302(a), which confers personal jurisdiction over a non-domiciliary for certain acts by the non-

5

domiciliary. CPLR § 302(a)(1)[2] confers personal jurisdiction over any non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state." "To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eyeking, LLC v. JSS, LLC*, 321 F. Supp. 3d 326, 331 (E.D.N.Y. 2018) (quoting *Sole Resorts, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006)). "A suit will be deemed to have arisen out of a party's activities in New York if there is an articulable nexus, or a substantial relationship between the claim asserted and the actions that occurred in New York.'" *Id.* (quoting *Best Van Lines, Inc*, 490 F.3d at 246).

To reiterate, to prevail on a pre-discovery motion to dismiss for lack of personal jurisdiction, a Plaintiff only must make "non-conclusory fact-specific allegations or evidence showing that activity that constitutes the basis of jurisdiction has taken place." *Chirag*, 604 F. App'x at 19. Here, however, Plaintiff fails to meet that minimal burden. The complaint merely alleges that Amtrak "was and still is a company authorized to do business under and by virtue of the laws of the State of New York," and that Amtrak "was and still is a foreign corporation doing business under and by virtue of the laws of New York." (Compl. ¶¶ 4-5.) The complaint fails to allege either that Amtrak conducted business in New York or that Plaintiff's claim arises from that business activity. However, Plaintiff makes several new factual allegations in her memorandum of law in opposition to Amtrak's motion. There, Plaintiff asserts that: (1) she purchased her train ticket in New York (Opp. at 3); (2) the final destination of the train on which

---

[2] Plaintiff also argues that the court has personal jurisdiction under CPLR § 302(a)(3), which confers personal jurisdiction over a foreign entity that "commits a tortious act without the state causing injury to person or property within the state." This argument fails because the injury did not occur in New York. *See DiStefano v. Carozzi N. Am.*, 286 F.3d 81, 84-85 (2d Cir. 2001) (applying the "situs-of-injury test" to determine jurisdiction under CPLR § 302(a)(3)).

Plaintiff sustained an injury was New York (*Id.* at 5); (3) Amtrak "operates over 900 trains in and out . . . of New York on a weekly basis" (*Id.* at 6); (4) and Amtrak accepted service of process at its office located at 400 West 31st Street, New York, NY 10001 (*Id.*). If Plaintiff had availed herself of the opportunity to amend her complaint to add these factual allegations, they may well establish a prima facie case of jurisdiction under *Sole*.[3]

However, the court may not exercise jurisdiction over Amtrak based on facts alleged only in Plaintiff's memorandum of law. It is well established that the court may consider factual allegations made in pleadings as well as those submitted to the court in an affidavit. *See, e.g., SPV Osus, Ltd. V. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018) (referring to "pleadings and affidavits" as the sources under court's review in consideration of a 12(b)(2) motion); *Penguin Group (USA) Inc. v. American Buddha*, 609 F.3d 30, 34 (2d Cir. 2010) (same); *see also MacDermid, Inc. v. Deiter*, 702 F.3d 725, 728 (2d Cir. 2012) ("Because Deiter's motion to dismiss was decided without a hearing and because Deiter submitted no affidavit testimony with the motion, the facts asserted in MacDermid's complaint and affidavit in opposition to Deiter's motion are assumed to be true."). However, a plaintiff "cannot supplement his [c]omplaint with facts asserted for the first time in his memorandum of law." *Taormin v. Thrifty Car Rental*, No. 16-CV-3255 (VEC), 2016 WL 7392214 at *2 (S.D.N.Y 2016.)); *see also Langenberg v. Sofair*, No. 03-CV-8339 (KMK), 2006 WL 2628348 (S.D.N.Y. 2006) ("Plaintiff waited until filing her

---

[3] Amtrak's reliance on *Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317 (2d Cir. 1964) and *Cordice v. LIAT Airlines*, No. 14-CV-2924 RRM LP, 2015 WL 5579868 (E.D.N.Y. Sept. 22, 2015) is misplaced. In *Gelfand*, there was no personal jurisdiction because the plaintiff purchased their tickets from a third-party intermediary, not the bus company itself. *Gelfand*, 339 F.2d at 321. In *Cordice*, the ticket was purchased in New York, but the injury alleged was a spilled cup of coffee during the flight. *Cordice*, 2015 WL 5579868 at *4. A train crash, unlike a spilled cup of coffee, directly implicates Amtrak's "duty to exercise reasonable care for the safety of its passengers." *Voccia v. United States*, No. 12-CV-5909 (KAM), 2017 WL 1194652, at *6 (E.D.N.Y. Mar. 31, 2017).

Memorandum of Law in response to this [12(b)(2)] Motion to allege for the first time that [defendant participated in a fraudulent scheme]. This will not do.").

Because the complaint does not include factual allegations sufficient to meet either prong of the *Sole* test, the court does not have specific personal jurisdiction over Amtrak under CPLR § 302(a)(1). Additionally, because there is no statutory basis for exercising personal jurisdiction over Amtrak, the court need not determine whether the exercise of jurisdiction would comport with due process. *Best Van Lines*, 490 F.3d at 242 ("If jurisdiction is statutorily impermissible, of course, we need not reach the question of its constitutionality.").

## IV. CONCLUSION

For the reasons set forth above, Amtrak's motion to dismiss the Complaint for lack of personal jurisdiction is GRANTED. The Clerk of Court is respectfully DIRECTED to terminate Defendant Amtrak from the case. Plaintiff is ORDERED to show cause by no later than February 21, 2020 why this case should not be remanded to state court for lack of jurisdiction.

SO ORDERED.

Dated: Brooklyn, New York
January 27, 2020

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge